IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


MARTENO DEANGELO GIBSON, #162303                          PLAINTIFF

VERSUS                          CIVIL ACTION NO. 3:15cv156-TSL-RHW

EAST MISSISSIPPI CORRECTIONAL
FACILITY, TONY HOWARD, ASHLEY
BURRAGE, MTC PERSONNEL, and
MANAGEMENT AND TRAINING
CORPORATION                                               DEFENDANTS


## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the court sua sponte. Pro se
plaintiff Marteno Deangelo Gibson is incarcerated with the
Mississippi Department of Corrections.  He brings this action
arising out of an assault by a fellow inmate.  The court has
considered and liberally construed the pleadings.  As set forth
below, this case is dismissed.

### BACKGROUND

Gibson is incarcerated at the East Mississippi Correctional
Facility ("EMCF").  It is a private prison run by defendant
Management and Training Corporation ("MTC").  He alleges that, on
January 12, 2015, he was housed on Unit 2-Delta, with defendant
Tony Howard, who is a fellow inmate.  Defendant Ashley Burrage is
a correctional officer at EMCF.

According to the Complaint, Officer B. Pollard called Gibson
to the zone door, so that he could leave to see his case manager.
When Gibson got to the zone door, Howard was already there with

all of his property, trying to leave off of the zone.  He was yelling to Pollard that he would stab officers.  Pollard was able to let Gibson out of the zone door, even though Howard tried to push his way through, too.

Subsequently, around 2:30 p.m., Pollard and Burrage allegedly completed a head count.  Gibson contends he was now on the zone playing dominos in the common area.  According to the pleadings, Pollard left the zone "to take care of something else," and Burrage stayed with a maintenance crew on the zone. (Compl. at 5).  Howard then began to attack Burrage, striking her to the ground and then stabbing her repeatedly.  Gibson intervened to save Burrage, and Howard stabbed him, too, multiple times.  Gibson was taken to the hospital, where he underwent surgery.

Gibson brings this lawsuit under federal and State law against EMCF, Howard, unknown MTC personnel, and MTC.  While Gibson lists Burrage as a plaintiff on the Complaint, he later refers to her as a defendant.  (Dkt. 10 at 1); (Compl. at 2). Gibson asserts claims of failure to protect, negligence, and assault and battery.

**DISCUSSION**

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding in forma pauperis in this court.  The statute provides in pertinent part, "the court shall dismiss the

2

case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id. The court has permitted Gibson to proceed in forma pauperis in this action. His Complaint is subject to sua sponte dismissal under § 1915.

Gibson asserts his claims under 42 U.S.C. § 1983 for failure to protect and, construed liberally, under State law for negligence, assault, and battery.

SECTION 1983, FAILURE TO PROTECT

I.    EMCF AND MANAGEMENT AND TRAINING CORPORATION[1]

Gibson alleges that Management and Training Corporation failed "to have the appropriate staff members available to [i]nterve[ne] & protect while I had got stabbed. . . ." (Resp. at 1).  The court liberally construes this allegation to be that this defendant did not have the appropriate number of staff members to protect Gibson.

"A prison official's 'deliberate indifference' to a substantial risk of harm to an inmate violates the Eighth Amendment."  Farmer v. Brennan, 511 U.S. 825, 828 (1994).  For a failure to protect claim, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  Id. at 834.  Deliberate indifference occurs when the official subjectively "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.

_____

[1]Since EMCF is a prison that MTC operates, these two defendants are one and the same.  Although a corporation operating a private prison may be held liable under § 1983 in limited circumstances, the prison itself is not a separate legal entity amenable to suit under § 1983.  See Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003).  Accordingly, Gibson's allegations against EMCF will be considered allegations against MTC.

Although Gibson appears to allege that EMCF was understaffed, or not appropriately staffed, he does not allege any facts that show that Management and Training Corporation was aware of a substantial risk of violence against Gibson, or of any inmate violence for that matter. Therefore, he fails to state a claim for failure to protect against this defendant.

II. ASHLEY BURRAGE

It is not clear whether Gibson means to sue Burrage. All Gibson alleges against Burrage is that she was the sole officer on the zone when the attack occurred. However, she herself was the first victim. He does not contend that Burrage was present when Howard first made threats to Pollard, that Howard was going to stab an officer.

If Gibson is attempting a failure to protect claim against Burrage, it would fail for lack of deliberate indifference. There is no allegation to indicate that she was aware that Howard was threatening to stab officers until he attacked her. Furthermore, at the time that Gibson was attacked, she is alleged to have been struck and stabbed several times. Gibson does not accuse Burrage of refusing to help him. Indeed, the crux of Gibson's complaint appears to be that Burrage had no help from fellow officers.

STATE LAW CLAIMS

This leaves Gibson's State law claims against Howard for

assault and battery and against the remaining defendants for negligence.  These claims invoke the court's supplemental jurisdiction.  Pursuant to 28 U.S.C. § 1367(c), the claims are dismissed without prejudice to Gibson's right to proceed in State court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the 42 U.S.C. § 1983 claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that the State law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 30th day of July, 2015.


                                        /s/Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE